IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANNAMALAI ANNAMALAI,

                         Plaintiff,

   v.                                                         ORDER

JOHN DOE 1–25,                                       25-cv-364-jdp

                        Defendants.

---

Plaintiff Annamalai Annamalai, proceeding without counsel, brings various claims under state and federal law. Dkt. 1. The complaint's general idea is that officials at Annamalai's prison have deprived him of a diet that complies with his religious faith, which has harmed him. Several motions are pending: (1) a motion to seal; (2) a motion for a temporary restraining order and preliminary injunctive relief; (3) a motion for court assistance in recruiting counsel; (4) a motion to supplement the motions for injunctive relief and for court assistance in recruiting counsel; and (5) a motion to order defendants to produce the suicide watch book. Dkts. 2–4, 9–10. As discussed below, the court will: (1) order Annamalai to amend the complaint; (2) deny the motion to seal and motion for court assistance in recruiting counsel; (3) deny as moot the motion for injunctive relief; (4) grant in part and deny in part the motion to supplement; and (5) deny as premature the motion for production.

A. **The complaint**

This court provides prisoners seeking to file suit a prisoner complaint package that includes a complaint form and instructions on filing a prisoner complaint in federal court. Filing a complaint on the form is not mandatory in every prisoner case, but the court has discretion to order prisoners to use the form when it promises to help them articulate their claims and to

promote judicial economy. *See A. Bauer Mech., Inc. v. Joint Arb. Bd. of Plumbing Contractors' Ass's & Chi. Journeymen Plumbers' Loc. Union 130, U.A.*, 562 F.3d 784, 790 (7th Cir. 2009) (courts have broad discretion to enforce local practices that enable a district court to manage its docket as efficiently as possible).

The complaint has several problems. The complaint is excessively long, contains unnecessary statements of law and footnotes, and is replete with disorganized and redundant allegations. Annamalai compounds the excessive length and lack of clarity by incorporating by reference numerous exhibits and other submissions. Annamalai also brings several claims against multiple defendants based in part on unrelated events, and he appears to seek relief based on a theory that each defendant is responsible for the collective actions of the other defendants. Attempting to set forth the allegations supporting any potential claims would unduly strain the court's resources and possibly divert it from its role as a neutral decisionmaker. The court must construe Annamalai's allegations generously, but it cannot construct his claims for him. The court is mindful of Annamalai's "history of frequent and abusive litigation." *Annamalai v. Warden*, 760 F. App'x 843, 851 (11th Cir. 2019); *see also Annamalai v. Sivanadiyan*, 713 F. App'x 409, 411 (5th Cir. 2018) (noting that Annamalai has been "sanctioned extensively" in federal court for filing "a deluge" of meritless and frivolous actions).

For these reasons, the court will order Annamalai to file an amended complaint on the court's prisoner complaint form, which the court will send him along with this order. If Annamalai needs more space to allege his claims, he may submit no more than five (5) supplemental pages. Any handwritten or typewritten text on the form or any

supplemental sheet must be large enough and have enough spacing between the lines and in the margins for the court to read it easily. The amended complaint must not contain footnotes.

In drafting the amended complaint, Annamalai should be mindful that, to state a claim for relief, a pleading need only contain "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Annamalai's allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(d). Annamalai should state his allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Annamalai should identify his claims in this manner and omit any legal arguments. Annamalai should also provide dates, or reasonable date ranges, for the allegations on which he bases his claims.

Annamalai should carefully consider whether he is naming proper defendants, which means that he should omit defendants who did not personally participate in, or otherwise cause, a violation of his rights. Annamalai must explain what each defendant did, or failed to do, to violate his rights. Annamalai should avoid referring to defendants collectively. Annamalai also should identify by full name in the case caption of the amended complaint every one of the defendants. Annamalai may refer to a defendant by "John Doe" or "Jane Doe" if he does not know the defendant's full name. If Annamalai refers to a defendant as a Doe defendant, he should describe that individual as specifically as possible in the amended complaint's caption (e.g., "John Doe Day Shift Correctional Officer #1," or "Jane Doe Night Shift Nurse #2).

## B.  Motion to seal

Annamalai asks the court to seal the entire record in this case because: (1) he alleges that he was sexually assaulted by prisoners and staff; and (2) his exhibits include his medical and mental health records. Dkt. 2.

3

"Documents that affect the disposition of federal litigation are presumptively open to public view." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013). There are "very few categories of documents that are kept confidential once their bearing on the merits of a suit has been revealed." *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 546 (7th Cir. 2002). For sealing to be warranted, Annamalai must show that it is necessary to "preserve higher values," and the sealing must be "narrowly tailored to preserving those values." *See United States v. Ladd*, 218 F.3d 701, 704 (7th Cir. 2000).

Annamalai hasn't made this showing. His allegations of sexual abuse are generalized and nonspecific—e.g., he alleges that he was "sexually assaulted," "sexually tortured," and "sexually abused." Dkt. 1, ¶18. These are serious allegations, but they do not reveal such sensitive information as to warrant sealing. Similarly, Annamalai raises only "general concern[s] that [his] medical and personal information is in the public record." *See Mikhail v. Manchester Univ., Inc.*, No. 17-cv-269, 2022 WL 872731, at *2 (N.D. Ind. Mar. 24, 2022). Annamalai's request is overbroad; he makes no effort to limit the scope of his request for sealing. The court will deny the motion to seal and direct the clerk of court to unseal the documents at issue.

## C. Recruitment of counsel

At the outset, the court will grant in part Annamalai's motion to supplement, Dkt. 9, to consider the additional information regarding his request for court assistance in recruiting counsel.

A party requesting assistance in recruiting counsel must show three things: (1) he cannot afford to hire a lawyer, 28 U.S.C. § 1915(e)(1); (2) he's made reasonable efforts on his own to find a lawyer, *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); and (3) the legal

4

and factual difficulty of the case exceeds his ability to prosecute it, *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007) (en banc).

On the first requirement, the court will assume that Annamalai cannot afford to hire a lawyer for purposes of ruling on this motion.

As for the second requirement, this court generally requires plaintiffs to submit letters from at least three attorneys to whom they've written and who've refused to take the case. Annamalai says that he has unsuccessfully asked several attorneys to represent him and that he failed to receive a "meaningful response" from any of them. Dkt. 9 at 1. Annamalai hasn't submitted any of these responses, so he hasn't strictly met the second requirement.

Even if Annamalai could meet the second requirement, he hasn't shown that this case is too complex for him to handle without counsel. As the court has noted in other cases, Annamalai is an experienced litigator who has shown the ability to articulate his claims, prepare legal filings, and engage in legal analysis. At this stage, the case doesn't appear to present any complex issues; prisoners litigate issues of comparable difficulty every day in federal court.

For these reasons, the court declines to assist Annamalai in recruiting counsel at this time. But Annamalai may renew his request at a later date if he can address the court's concerns, expressed above.

D.   **Remaining motions**

The court will deny as moot Annamalai's motion for injunctive relief and request to supplement that motion. Dkt. 3 and Dkt. 9. These requests are moot because the court has ordered Annamalai to amend the complaint. Annamalai may, but is not required to, file a new motion for injunctive relief when he amends the complaint. Taking into account Annamalai's abusive litigation history, discussed above, he must limit any such motion to three (3) pages.

The court will deny as premature Annamalai's request to order defendants to produce the suicide watch book. Dkt. 10. This motion is in substance a discovery request. It's too early to request discovery because the court has yet to enter a scheduling order. If the amended complaint passes screening, the court will hold a telephonic preliminary pretrial conference at which it will give the parties information about how to use the discovery process to obtain evidence to support their claims.

ORDER

IT IS ORDERED that:

1. Plaintiff has until June 23, 2025 to file an amended complaint in accordance with the instructions provided in this order.

2. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

3. If plaintiff fails to comply with this order, the court may dismiss the case.

4. Plaintiff's motion to seal, Dkt. 2, is DENIED. Dkts. 1–7 are to be unsealed.

5. Plaintiff's motion for injunctive relief, Dkt. 3, is DENIED as moot.

6. Plaintiff's motion to supplement, Dkt. 9, is GRANTED in part and DENIED in part.

7. Plaintiff's motion to produce, Dkt. 10, is DENIED as premature.

8. The clerk of court is directed to send plaintiff a copy of the court's prisoner complaint form.

Entered May 23, 2025.

                                              BY THE COURT:

                                              /s/

                                              _____
                                              ANITA MARIE BOOR
                                              Magistrate Judge