IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANNAMALAI ANNAMALAI,

                Plaintiff,

v.

RYAN WILLIS, ERIC EMMERICH, RANDALL PASS,
B. MALCOLM, LINDA LINDER, JAMES BELL,
K. BLOCK, FOOD SERVICES SUPERVISOR
FISCHER, JOHN DOE NURSES 1–4, FEDERAL
BUREAU OF PRISONS, UNITED STATES OF
AMERICA, AMBER LABELLE, DR. NORGE,
COMMISARY SUPERVISOR DIEKHUS,
S. IMUNDO, A. BEAVER, RUSSELL, and JOHN DOE
CORRECTIONAL SHU OFFICERS,

                Defendants.

OPINION and ORDER

25-cv-364-jdp

---

      Plaintiff Annamalai Annamalai is a "three striker" under 28 U.S.C. § 1915(g) who has an extensive history of abusive litigation in federal and state courts. I dismissed Annamalai's amended complaint because he failed to allege a plausible claim for relief or that he was in imminent danger of serious physical injury. Dkt. 44. I gave Annamalai a final opportunity to submit a second amended complaint that fixed the problems with his claim under the Religious Freedom Restoration Act (RFRA). Annamalai's second amended complaint disregards the limitations that I imposed on that pleading and is substantially similar to his amended complaint.

      Annamalai has again failed to allege a plausible RFRA claim and, for similar reasons, his allegations would not support an Eighth Amendment inadequate-nutrition claim. Nor has Annamalai plausibly alleged that he's in imminent danger of serious physical injury. Accordingly, I will dismiss the second amended complaint with prejudice.

ALLEGATIONS OF FACT

Annamalai's Hindu faith prohibits him from consuming food that is cooked or prepared with beef. Annamalai's prison, FCI-Oxford, gives him the option of "no-flesh" meals, but the prisoners who work as cooks regularly serve no-flesh meals with beef. Dkt. 47 at 4. The prisoner cooks also use the same kitchen, pots and pans, utensils, oils, and other ingredients to prepare both non-flesh and beef items. All defendants except the Doe correctional officers have been "personally, orally and expressly notified about such violated conducts [sic]," but no one has instructed the cooks to prepare Annamalai's meals in accordance with the tenets of his faith. *Id.* As a result, Annamalai ate only three to five meals a week out of the 14 meals served for lunch and dinner. (Annamalai does not allege that he skipped breakfast.) Annamalai also alleges that he was "almost without food every day," subsisting on "2 milks, 1 fruit and occasional [vegetables and] rice." *Id.* at 6.

This "infrequent eating" has left Annamalai "malnourished" because of his "inability to receive adequate daily calories[ and] nutrition." *Id.* at 5. Annamalai suffers from: chronic diabetes, hypertension, "[cholesterol]," "prostate," "[hemorrhoids]," stomach bloating, excessive flatulence, abdominal pain, headaches, blurry vision, loss of body hair, anxiety, depression, sleeplessness, post-traumatic stress syndrome, and panic attacks. *Id.* Annamalai is experiencing "diabetic nerve pain[]" in his feet, which has stopped him from exercising regularly. Annamalai has also lost more than 30 pounds. If Annamalai's malnourishment continues, he will have "the highest probability" of suffering from kidney dysfunction, blindness, cardiovascular disease, coma, and possible death. *Id.* Defendants John Doe Nurses recently told Annamalai to that needed to eat "timely and properly." *Id.* at 6.

2

ANALYSIS

A. **Preliminary matters**

I allowed Annamalai to file a second amended complaint that fixed the problems with his RFRA claim only. I explained that Annamalai could "attempt to allege only a RFRA claim . . . based on his allegations of an improper religious diet and resulting health problems," and that I would not consider any other claims. Dkt. 44 at 12.

Annamalai has disregarded this ruling. The second amended complaint includes several allegations that are outside the scope of Annamalai's RFRA claim, including:

- Annamalai lost commissary privileges after he complained about interference with religious practice;

- Defendants Imundo, Beaver, and Russell retaliated against Annamalai for bringing this lawsuit by threatening him, making other retaliatory remarks, exposing him to sexual assault, and destroying evidence.

- Annamalai was segregated in March and April 2025 based on the false allegation that he didn't go to work, and he was also segregated in June 2025.

- Annnamalai's disciplinary hearing was marred by procedural errors.

- The Doe correctional officers have delivered Annamalai trays containing urine and fecal matter.

I will not consider these unauthorized allegations. I also note that none of these allegations plausibly suggests that Annamalai faces an imminent danger of serious physical injury.

B. **Imminent danger exception**

To avoid § 1915(g), a prisoner must plausibly allege imminent, serious physical harm. *Sanders v. Melvin*, 873 F.3d 957, 960–61 (7th Cir. 2017). The prisoner must allege a physical

3

injury that is imminent or occurring at the time the complaint is filed and show that the threat or prison condition causing the physical injury is "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Past dangers that a prisoner no longer faces when he files the complaint don't meet this requirement. *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003). The allegations underlying Annamalai's RFRA claim *potentially* suggest imminent danger, so I will screen that claim. Even though Annamalai did not bring an Eighth Amendment claim based on inadequate nutrition in the amended complaint, I will also consider that claim in the next section.

C. Screening the second amended complaint

    1. RFRA claim

Annamalai's RFRA claim has general and specific pleading problems. I begin with the general problem: fair notice. Federal Rule of Civil Procedure 8(a) requires a pleading to "contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The primary purpose of Rule 8(a) is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (alteration adopted). This standard does not require "detailed factual allegations," but "naked assertions devoid of further factual enhancement" are not enough. *See Iqbal*, 556 U.S. at 678. A "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A complaint based on a theory of collective responsibility must be dismissed." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013).

4

Annamalai's allegations fail to give defendants fair notice of his RFRA claim. Annamalai broadly alleges that all defendants except the Doe correctional officers were expressly notified about "violated conducts [sic]." Even if Annamalai made these complaints, he does not allege when he made them, how he made them, or with reasonable detail what they entailed. Also, it's implausible that each complaint contained the same information, or that Annamalai made one complaint to each defendant but the correctional officers. Annamalai's allegations are too vague to notify each defendant of the factual basis of his claim against that individual.

Annamalai invites me to review the exhibits that he attached to the second amended complaint to better understand the basis of his RFRA claim. I will decline the invitation for two reasons. First, it is an attempt to circumvent the page limit that I imposed on the second amended complaint to curb Annamalai's abusive litigation. Second, it is not my role as a neutral decisionmaker to construct Annamalai's claim for him.

I turn to the more specific pleading problem: Annamalai's failure to plausibly allege that interference with his religious diet has caused him to receive inadequate nutrition. RFRA prohibits the federal government "from imposing substantial burdens on religious exercise, absent a compelling interest pursued through the least restrictive means." *Tanzin v. Tanvir*, 592 U.S. 43, 45 (2020). The basic rule is that a "prisoner's religious dietary practice is substantially burdened when the prison forces him to choose between his religious practice and adequate nutrition." *See Thompson v. Holm*, 809 F.3d 376, 381 (7th Cir. 2016).

The second amended complaint's allegations are substantially similar to the amended complaint's allegations and for the same basic reasons they fail to plausibly state a RFRA claim or suggest imminent danger of serious physical injury. Annamalai does not "allege[] any facts plausibly suggesting that his numerous health problems were caused by his [inability] to eat at

5

times." *See* Dkt. 44 at 11. The conditions that Annamalai describes "are chronic and, without more factual support, don't suggest imminent danger." *See id.* at 12. Despite leave to amend, Annamalai "hasn't alleged enough facts about how those conditions are harming his health to allow me to plausibly infer that his dietary disruptions have denied him adequate nutrition." *See id.*

Annamalai's vague allegation that his dietary disruptions have caused him diabetic nerve pain that has stopped him from exercising, by itself, doesn't support a plausible inference of imminent danger of serious physical injury. Nor does Annamalai's alleged loss of 30 pounds alone suggest that his food was nutritionally deficient. *See Godfrey v. Spiller*, No. 15-cv-455, 2018 WL 1706371, at *3 (S.D. Ill. Apr. 9, 2018) ("Plaintiff's allegations of hunger pains and approximately twenty pounds of weight loss over the course of a year without any adverse health effects are not significant enough to show objectively serious harm."). Annamalai hasn't alleged how the weight loss is harming his health. Annamalai's allegation that he will have "the highest probability" of suffering from kidney dysfunction, blindness, cardiovascular disease, coma, and possible death if the lack of nourishment continues is purely speculative. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . .").

Annamalai alleges that the Doe nurses recently told him that needed to eat "timely and properly." But, without more, this vague allegation doesn't suggest that the nurses determined that Annamalai was receiving inadequate nutrition. Also, Annamalai hasn't alleged that he's being denied health care for his chronic health conditions.

Annamalai also alleges that he attempted suicide in March and May 2025. But Annamalai hasn't described the circumstances surrounding the alleged suicide attempts or

6

alleged any facts plausibly suggesting that his dietary disruptions caused him to engage in his conduct.

### 2. Eighth Amendment inadequate-nutrition claim

The basic rule is that prisons and jails must provide "nutritionally adequate food." *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996). But the withholding of food doesn't automatically violate the Eighth Amendment; it must deprive the prisoner of "the minimal civilized measure of life's necessities." *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *see also Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). To state a claim, Annamalai must also plausibly allege that defendants realized that his nutrition was inadequate but failed to act. *Cf. Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

I will not allow Annamalai to proceed on an inadequate-nutrition claim for the same basic reasons that I did not allow him to proceed on his RFRA claim. Annamalai hasn't alleged facts plausibly suggesting that his dietary disruptions caused or worsened his chronic conditions or otherwise harmed him, let alone that defendants thought that to be the case.

### CONCLUSION

Annamalai has failed to state a plausible RFRA or Eighth Amendment inadequate-nutrition claim, and his allegations fail to plausibly suggest that disruption to his religious diet has subjected him to imminent danger of serious physical injury. I will dismiss the second amended complaint with prejudice.

ORDER

IT IS ORDERED that:

1. Plaintiff Annamalai Annamalai's second amended complaint, Dkt. 47, is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(g) and for failure to state a claim.

2. The clerk of court is directed to enter judgment and close the case.

Entered September 3, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge